IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYDIA L. CLINE,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | Civil Action No. 12-0158<br>United States Magistrate Judge |
| GAI CONSULTANTS, INC.,<br>    Defendant. | )<br>) | Cynthia Reed Eddy |

**MEMORANDUM OPINION**

Before the Court are several Motions in Limine from Plaintiff Lydia L. Cline and GAI Consultants, Inc. ("Defendant" or "GAI"). The Court will address each Motion in order of filing.

**A.    Defendant's Motion in Limine to Exclude Evidence of Front Pay (ECF No. 58)**

Defendant seeks to prevent Plaintiff from introducing evidence of front pay. (ECF No. 58-59). Alternatively, Defendant argues that the Court should exclude evidence of front pay beyond November 2013 because Plaintiff had testified in her deposition that she had planned to retire at that time. (ECF No. 59, at 3-4). Plaintiff, however, is not seeking front pay, and is rather seeking back pay, which is appropriately measured from the time of the wrongful termination until the time of trial. (ECF No. 81); *see also Blum v. Witco Chemical Corp.*, 829 F.2d 367, 373 (3d Cir. 1987). Consequently, this motion is denied.

**B.    Defendant's Motion in Limine to Exclude Evidence of the Plaintiff's Disability and/or Healthcare Costs (ECF No. 60)**

Defendant next seeks to exclude evidence of Plaintiff's disability and/or healthcare costs. (ECF Nos. 60-61). The Court finds, consistent with its determination that Plaintiff's claims of disability discrimination should be dismissed, that this evidence is, for the most part, not relevant to the remaining claims. Accordingly, this motion is granted to the extent that Plaintiff is

prohibited from introducing any evidence of her alleged disability claim, including costs associated therewith. This motion is denied to the extent that Plaintiff may introduce certain evidence supporting her claim that she experienced age discrimination as a result of increasing health care costs. The Court has reviewed the exhibits submitted by Plaintiff in her response to this motion and has concluded that Exhibit A in its entirety shall be excluded. However, Plaintiff may resubmit pages two (2) and eleven (11) of Exhibit A into evidence. Further, Exhibit B shall be excluded pursuant to Federal Rule of Evidence 403 because the Court finds that it is irrelevant, potentially prejudicial, and could confuse to the jury.

    **C.    Defendant's Motion in Limine to Exclude Evidence of Liquidated Damages (ECF No. 62)**

Defendant also seeks to preclude Plaintiff from presenting evidence of liquidated damages. (ECF Nos. 62-63). The Court finds that Plaintiff has submitted sufficient evidence upon which a reasonable jury could find that GAI willfully discriminated against Plaintiff because of her age. Therefore, this motion is denied so that the jury may determine whether Defendant's conduct constituted a "willful" violation within the context of her age discrimination claim.

    **D.    Defendant's Motion in Limine to Exclude Testimony Regarding Absence of Post-Termination Offer of Reassignment or Reemployment and to Exclude Evidence of Post-Termination Hires, Specifically the Hiring of Sabrina Schmidt (ECF No. 64)**

In Defendant's final motion in limine, it "seeks to exclude testimony regarding absence of post-termination offer of reassignment or reemployment and to exclude evidence of post-termination hires, specifically the hiring of Sabrina Schmidt." (ECF Nos. 64-65).[1] Defendant

---

[1] In its brief in support of this motion (ECF No 65), Defendant contends that this Court erred in its Memorandum Opinion (ECF No. 47) denying Defendant's Motion for Summary Judgment regarding Plaintiff's age discrimination claim. Defendant asserts "this Court erred in it[s] finding that the Plaintiff could support her age discrimination case

argues that the new positions at GAI, including the position into which Sabrina Schmidt was transferred, were not "similarly situated" to Plaintiff's previous position. (ECF No. 65, at 3-7). However, Plaintiff contends that she can show that she was similarly situated to Ms. Schmidt and to other administrative personnel that were hired before and after her termination. (ECF No. 84, at 4). Both parties may introduce evidence with respect to whether two positions are similarly situated, and that issue is appropriately decided by the fact finder. *See Heller v. Elizabeth Forward Sch. Dist.*, 182 F. App'x. 91, 95 (3d Cir. 2006); *Seasonwein v. First Montauk Sec. Corp.*, 189 F. App'x. 106, 110 (3d Cir. 2006). Accordingly, this motion is denied.

E.   **Plaintiff's Motion in Limine to Exclude Evidence of Her Opinion of Her Supervisor (ECF No. 66)**

Plaintiff seeks to exclude evidence regarding her opinion of her former supervisor, Mark Pavlik. (ECF Nos. 66-67). This motion is granted to the extent that Defendant is prohibited from introducing this evidence during its case-in-chief because it is irrelevant to any claim or defense in the underlying action. However, this motion is denied to the extent that such evidence may be offered to impeach Plaintiff during cross examination if she testifies about her opinion of Mr. Pavlik.

---

by offering evidence that she was not offered employment within GAI after her position was eliminated, as there is no requirement under the ADEA that an employer 'find an open position' for an older employee when their position is eliminated in the absence of any seniority policy or collective bargaining agreement – Neither of which GAI had." (ECF No. 65, at 2-3). This is not an appropriate time to seek reconsideration of this Court's rulings on summary judgment, and, in any event, GAI presents no reason to question this Court's finding that "[p]roperly framed, . . . Plaintiff's evidence adequately supports her claim that she was discriminated against on the basis of her age when she was terminated without being offered similar, available administrative/clerical positions that were elsewhere in the company in her geographic area. Plaintiff does not have to shoot down GAI's business strategy and judgment in deciding to eliminate the CAD in order to support her age discrimination claims and survive the motion for summary judgment . . . ." Memorandum Opinion (ECF No. 47, at 12). It remains a matter for the finder of fact – the jury – to consider the conflicting inferences the parties place upon the facts.

F.  **Plaintiff's Motion in Limine to Exclude Evidence of Her Post-Termination Resume (ECF No. 72)**

Plaintiff next seeks to exclude evidence of her post-termination resume where she admittedly intentionally misrepresented her termination date with Defendant to prospective employers. (ECF Nos. 68, 72). Plaintiff argues that this evidence is irrelevant both as to liability and to damages, so it should be excluded. (ECF No. 68, at 2-3). Plaintiff alternatively argues that this evidence should be excluded pursuant to Federal Rule of Evidence 403 because it is unfairly prejudicial, has the potential to induce an emotional decision adverse to Plaintiff, and will result in undue delay. (*Id.*, at 3-5). Defendant counters that under Rule 608(b), such evidence is admissible as it relates to Plaintiff's character for truthfulness. (ECF No. 75, at 1-2).

The Court finds that while Plaintiff's misrepresentation on her post-termination resume is not relevant to her underlying age discrimination cause of action, it is probative as to her veracity as a testifying witness. Pursuant to Rule 608(b), the Court "has the discretion to admit evidence of specific instances of conduct to impeach a witness' credibility if probative of truthfulness or untruthfulness." *United States v. Dowling*, 855 F.2d 114, 120 (3d Cir. 1988) (internal quotations omitted). "The classic example of a permissible inquiry would be an incident in which the witness had lied." *United States v. Bocra*, 623 F.2d 281, 288 (3d Cir. 1980). Therefore, the Court will allow the Defendant to inquire on cross-examination about whether Plaintiff lied on her resume to prospective employers. However, as Rule 608(b) unambiguously states, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b); *see also Becker v. ARCO Chemical Co.*, 207 F.3d 176, 204 (3d Cir. 2000).

Therefore, Plaintiff's motion is denied, but Defendant is restricted to inquiring about Plaintiff's post-termination resume only during cross-examination of Plaintiff, and Defendant may not use extrinsic evidence regarding this issue.

**G.     Plaintiff's Motion in Limine to Exclude Evidence of Her Alleged Intentions to Sue the Defendant if She was Ever Fired from Her Job (ECF No. 70).**

Finally, Plaintiff seeks to exclude evidence of her alleged intentions to sue the Defendant if she were ever fired from her job. (ECF Nos. 70-71). Although Defendant argues that an inconsistency exists here and that the jury should determine which party to believe, (ECF No. 74, at 1), the Court agrees with Plaintiff that her stated intention to exercise her rights under the ADEA and PHRA is irrelevant and lacks probative value to any claim or defense. (ECF No. 71, at 3). Therefore, this motion is granted.

**H.     Conclusion**

For the foregoing reasons, the Court will GRANT Plaintiff's Motion in Limine, consistent with this Memorandum Opinion, to exclude evidence of her alleged intentions to sue the defendant if she was ever fired from her job (ECF No. 70).

The Court will DENY the following Motions in Limine, consistent with this Memorandum Opinion:

- Defendant's Motion in Limine to exclude evidence of front pay (ECF No. 58);

- Defendant's Motion in Limine to exclude evidence of liquidated damages (ECF No. 62);

- Defendant's Motion in Limine to exclude testimony regarding absence of post-termination offer of reassignment or reemployment and to exclude evidence of

- post-termination hires, specifically the hiring of Sabrina Schmidt (ECF No. 64); and

- Plaintiff's Motion in Limine to exclude evidence of her post-termination resume (ECF No. 72).

The Court will GRANT the following Motions in Limine in part, and DENY in part, consistent with this Memorandum Opinion:

- Defendant's Motion in Limine to exclude evidence of the Plaintiff's disability and/or healthcare costs (ECF No. 60); and

- Plaintiff's Motion in Limine to exclude evidence of her opinion of her supervisor (ECF No. 66).

IT IS SO ORDERED.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all ECF registered counsel